LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| GENARIO CUC CHOVON,<br>*on behalf of himself, FLSA Collective Plaintiffs*<br>*and the Class*, | Case No.: |
| Plaintiff, | |
| v. | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| HOT POT FLUSHING LLC<br>    d/b/a LITTLE SHEEP MONGOLIAN HOT POT,<br>HOT POT MANHATTAN 1 LLC<br>    d/b/a LITTLE SHEEP MONGOLIAN HOT POT,<br>JOHN DOE CORPORATIONS 1-23<br>    d/b/a LITTLE SHEEP MONGOLIAN HOT POT,<br>and MICHAEL PUI LEUNG LUK, | Jury Trial Demanded |
| Defendants. | |

---

Plaintiff GENARIO CUC CHOVON ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, HOT POT FLUSHING LLC d/b/a LITTLE SHEEP MONGOLIAN HOT POT, HOT POT MANHATTAN 1 LLC d/b/a LITTLE SHEEP MONGOLIAN HOT POT, JOHN DOE CORPORATIONS 1-23 d/b/a LITTLE SHEEP MONGOLIAN HOT POT (collectively, "Corporate Defendants"), and MICHAEL PUI LEUNG LUK ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and states

as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time-shaving, (2) unpaid overtime wages, (3) unpaid spread of hours premiums, (4) liquidated damages, (5) statutory penalties, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff GENARIO CUC CHOVON is a resident of Queens County, New York.

6.      Defendants own and operate a chain of Chinese hot pot restaurants as a single integrated enterprise under the shared trade name "Little Sheep Mongolian Hot Pot," with various locations in the United States, Canada, China, and Japan. Within the United States, Defendants operates twenty-five (25) restaurant locations with the following addresses:

    (a)  136-59 37th Avenue, Flushing, NY 11354;
    (b)  105 Bowery, New York, NY 10002;
    (c)  1655 S Azusa Avenue, Suite E, Hacienda Heights, CA 91745;
    (d)  15361 Culver Drive, Irvine, CA 92606;

(e)  2575 Pacific Coast Highway, Torrance, CA 90505;
(f)  45 S Fair Oaks Avenue, Pasadena, CA 91105;
(g)  4718 Clairemont Mesa Boulevard, San Diego, CA 92117;
(h)  140 W Valley Boulevard, Suite 213, San Gabriel, CA 91776;
(i)  19062 Stevens Creek Boulevard, Cupertino, CA 95014;
(j)  4068 Grafton Street, Dublin, CA 94568;
(k)  34396 Alvarado Niles Road, Union City, CA 94587;
(l)  215 S Ellsworth Avenue, San Mateo, CA 94401;
(m) 102 Castro Street, Mountain View, CA 94041;
(n)  405 Mason Street, San Francisco, CA 94102;
(o)  2342 S Wentworth Avenue, Chicago, IL 60616;
(p)  609 S Weller Street, Seattle, WA 98104;
(q)  1411 156th Avenue NE, Suite A, Bellevue, WA 98007;
(r)  1200 Ala Moana Boulevard, Honolulu, HI 96814;
(s)  1737 Route 27, Edison, NJ 08817;
(t)  240 Legacy Drive, #116, Plano, TX 75023;
(u)  8488 Bellaire Boulevard, Houston, TX 77036;
(v)  5901 Westheimer Road, Houston, TX 77057;
(w) 2625 W Pioneer Parkway, Suite 203, Grand Prairie, TX 75051;
(x)  2400 Seton Avenue, Austin, TX 78705; and
(y)  6799 Wilson Boulevard, Unit 10, Falls Church, VA 22044

(collectively, "Little Sheep Restaurants").

7.    Corporate Defendant HOT POT FLUSHING LLC d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic limited liability company organized under the laws of New York State, with a principal place of business and a service of process address located at 136-59 37th Avenue, Flushing, NY 11354.

8.    Corporate Defendant HOT POT MANHATTAN 1 LLC d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic limited liability company organized under the laws of New York State, with a principal place of business and a service of process address located at 105 Bowery, New York, NY 10002.

9.    JOHN DOE CORPORATION 1 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 1655 S Azusa Avenue, Suite E, Hacienda Heights, CA 91745.

10.    JOHN DOE CORPORATION 2 d/b/a LITTLE SHEEP MONGOLIAN HOT POT

is a domestic company with a principal place of business located at 15361 Culver Drive, Irvine, CA 92606.

11.     JOHN DOE CORPORATION 3 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 2575 Pacific Coast Highway, Torrance, CA 90505.

12.     JOHN DOE CORPORATION 4 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at Fair Oaks Avenue, Pasadena, CA 91105.

13.     JOHN DOE CORPORATION 5 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 4718 Clairemont Mesa Boulevard, San Diego, CA 92117.

14.     JOHN DOE CORPORATION 6 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 140 W Valley Boulevard, Suite 213, San Gabriel, CA 91776.

15.     JOHN DOE CORPORATION 7 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 19062 Stevens Creek Boulevard, Cupertino, CA 95014.

16.     JOHN DOE CORPORATION 8 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 4068 Grafton Street, Dublin, CA 94568.

17.     JOHN DOE CORPORATION 9 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 34396 Alvarado Niles Road, Union City, CA 94587.

18.     JOHN DOE CORPORATION 10 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 215 S Ellsworth Avenue, San Mateo, CA 94401.

19.     JOHN DOE CORPORATION 11 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 102 Castro Street, Mountain View, CA 94041.

20.     JOHN DOE CORPORATION 12 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 405 Mason Street, San Francisco, CA 94102.

21.     JOHN DOE CORPORATION 13 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 2342 S Wentworth Avenue, Chicago, IL 60616.

22.     JOHN DOE CORPORATION 14 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 609 South Weller Street, Seattle, WA 98104.

23.     JOHN DOE CORPORATION 15 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 1411 156th Avenue NE, Suite A, Bellevue, WA 98007.

24.     JOHN DOE CORPORATION 16 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 1200 Ala Moana Boulevard, Honolulu, HI 96814.

25.     JOHN DOE CORPORATION 17 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 1737 Route 27, Edison, NJ

08817.

26.    JOHN DOE CORPORATION 18 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 240 Legacy Drive, #116, Plano, TX 75023.

27.    JOHN DOE CORPORATION 19 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 8488 Bellaire Boulevard, Houston, TX 77036.

28.    JOHN DOE CORPORATION 20 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 5901 Westheimer Road, Houston, TX 77057.

29.    JOHN DOE CORPORATION 21 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 2625 W Pioneer Parkway, Suite 203, Grand Prairie, TX 75051.

30.    JOHN DOE CORPORATION 22 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 2400 Seton Avenue, Austin, TX 78705.

31.    JOHN DOE CORPORATION 23 d/b/a LITTLE SHEEP MONGOLIAN HOT POT is a domestic company with a principal place of business located at 6799 Wilson Boulevard, Unit 10, Falls Church, VA 22044.

32.    (i) Individual Defendant MICHAEL PUI LEUNG LUK is a principal and executive officer of Corporate Defendants and has operational control of Little Sheep Restaurants. Individual Defendant exercises the power to (and can also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine

the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Little Sheep Restaurants. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Individual Defendant MICHAEL PUI LEUNG LUK additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Little Sheep Restaurants. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Little Sheep Restaurants is operating efficiently and profitably.

33.    Defendants operate Little Sheep Restaurants as a single integrated enterprise. Little Sheep Restaurants are engaged in the same activities, share common ownership, and have a common business purpose. Little Sheep Restaurants use a common trade name and logo, have the same décor and appearance, and share the same menu. Defendants sell gift cards that can be used at any Little Sheep Restaurant location. Defendants maintain a centralized organizational structure, control, and human resources and implement consistent wage and hour policies, procedures, and employment practices across all Little Sheep Restaurants. Restaurant supplies and employees are interchanged among Little Sheep Restaurants. Little Sheep Restaurants are marketed jointly on Defendants' website, which lists all restaurant locations and allows customers to contact customer service at a common phone number or select any of Defendants' restaurant locations to submit inquiries, comments or feedback. *See* **Exhibit A**, Little Sheep Hot Pot Website. Hiring for Little

Sheep Restaurants is centrally managed and applicants can apply for a job at any of the restaurant locations on Defendants' website. All Little Sheep Restaurants share the same Facebook page at http://www.facebook.com/littlesheep1999. *See* **Exhibit B**, Little Sheep Hot Pot Facebook Page.

34.     Although Plaintiff did not work at all of the restaurant locations, Little Sheep Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because Little Sheep Restaurants share identical unlawful wage and hour policies, Little Sheep Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to Class Members for whom Plaintiff seeks to represent.

35.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

36.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, cleaning persons, hosts/hostesses, cashiers, counter persons, bartenders, servers, runners and bussers) employed by Defendants at Little Sheep Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

38.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and

FLSA Collective Plaintiffs for all hours worked, and failure to pay them overtime premiums for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay. Further, a subclass of FLSA Collective Plaintiffs who were tipped employees (i.e., bartenders, servers, runners and bussers) also suffered from Defendants' failure and refusal to pay them the proper minimum wage and proper overtime rate for all hours worked due to an invalid tip credit deduction. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the FLSA, or to compensate FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

39.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

40.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, cleaning persons, hosts/hostesses, cashiers, counter persons, bartenders, servers, runners and bussers) employed by Defendants at Little Sheep Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

41.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

42.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts from which the calculation of that number can be obtained are presently within the sole possession and custody of Defendants, there is no doubt that there are over one hundred (100) members of the Class. The Class further includes a subclass of tipped employees comprising bartenders, servers, runners and bussers ("Tipped Subclass") who number more than forty (40).

43.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to compensate them for all hours worked due to Defendants' policy and practice of time-shaving, (ii) failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, (iii) failing to pay them proper spread of hours premiums required by the New York Labor Law when their workdays exceeded ten (10) hours, (iv) failing to provide proper wage statements per requirements of the NYLL, and (v) failing to provide proper wage notices per requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class

Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

44.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

45.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their

interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

46.    Defendants and other employers throughout the State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

47.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including the following:

a)    Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b)    What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d)    Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

e)    Whether Defendants failed to properly compensate Class Members for all of their hours worked due to a policy of time-shaving;

f)    Whether Defendants paid Plaintiff and the Class Members overtime wages at a proper rate of at least one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) each workweek;

g)    Whether Defendants paid Plaintiff and Class Members the proper spread of hours premiums as required by the NYLL;

h)    Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass members that Defendants were taking a tip credit;

i) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

j) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and the Tipped Subclass members under the NYLL;

k) Whether Defendants required Plaintiff and the Tipped Subclass members to perform non-tipped work for more than twenty (20) percent of their workday;

l) Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

m) Whether Defendants provided proper wage notices to Plaintiff and Class Members as required under the NYLL; and

n) Whether Defendants provided proper wage statements to Plaintiff and Class Members that accurately reflected their hours worked as required by the NYLL.

## STATEMENT OF FACTS

48.     From in or around June 2012 until on or about October 24, 2018, Plaintiff GENARIO CUC CHOVON was employed by Defendants to work as a dishwasher at their "Little Sheep Mongolian Hot Pot" restaurant located at 136-59 37th Avenue, Flushing, NY 11354.

49.     Throughout his employment with Defendants, Plaintiff GENARIO CUC CHOVON regularly worked forty-five (45) hours per week for six (6) days per week. Specifically, Plaintiff worked six-and-one-half (6½) hours, from 7:00 p.m. to 1:30 a.m., for five (5) days per week and twelve-and-one-half (12½) hours, from 1:00 p.m. to 1:30 a.m., for one (1) day per week. At all relevant times, Plaintiff worked without any meal breaks.

50.     At the beginning of his employment, Plaintiff GENARIO CUC CHOVON was paid a regular rate of $8.00 per hour. His hourly wage was increased incrementally throughout his employment and was $13.00 per hour at the end of his employment.

51.     From the start of his employment until in or around January 2016, Plaintiff GENARIO CUC CHOVON clocked in and out during his shifts and received his wages entirely

in cash.

52.    During the period Plaintiff GENARIO CUC CHOVON was paid in cash, he was paid at the straight-time base hourly rate for all of his hours worked, including hours worked in excess of forty (40) per workweek. He was never paid the overtime rate of one-and-one-half for his hours worked over forty (40) per workweek.

53.    From in or around January 2016 until the end of his employment, Defendants did not utilize punch clock to keep track of Plaintiff GENARIO CUC CHOVON's actual hours worked. Instead, Defendants manually entered Plaintiff's hours into their payroll system. Defendants paid Plaintiff by check during this period.

54.    During the period Plaintiff GENARIO CUC CHOVON was paid by check, he was never paid for his overtime hours worked. Although Plaintiff regularly worked forty-five (45) hours or more each week, Defendants shaved all of Plaintiff's overtime hours from his paystubs, and Plaintiff was only compensated for between thirty-two (32) and forty (40) hours each week. As a result, Plaintiff did not properly receive compensation for all hours worked, including all of his hours worked in excess of forty (40) hours each workweek.

55.    Despite regularly working over forty (40) hours per week throughout his employment, Plaintiff GENARIO CUC CHOVON was never paid the proper overtime wages at an overtime rate of one-and-one-half times his regular rate of pay for his hours worked in excess of forty in a workweek as required under the FLSA and NYLL.

56.    Throughout his employment with Defendants, Plaintiff GENARIO CUC CHOVON regularly worked over ten (10) hours in a single workday. However, he did not receive the proper spread of hours pay as required by the NYLL.

57.    Throughout Plaintiff GENARIO CUC CHOVON's employment, Defendants never

provided Plaintiff with a written notice of pay rate and payday as required under the NYLL.

58.     From the start of his employment until in or around January 2016, Defendants did not provide Plaintiff GENARIO CUC CHOVON with any wage statements and paid him entirely in cash, in violation of the NYLL.

59.     From in or around January 2016 through the end of his employment, Defendants did not provide Plaintiff GENARIO CUC CHOVON with proper wage statements as required by the NYLL. The wage statements that Defendants provided to Plaintiff were deficient because they failed to accurately state the number of hours Plaintiff worked and fraudulently indicated he worked less than forty (40) hours each workweek.

60.     Throughout his employment with Defendants, Plaintiff GENARIO CUC CHOVON regularly observed and spoke with his co-workers about Defendants' pay practices and policies.

61.     Based on Plaintiff's direct observations and conversations with his co-workers, FLSA Collective Plaintiffs and Class Members, including the Tipped Subclass, worked similar hours that exceeded forty (40) per workweek with workdays that regularly exceeded ten (10) hours, and were similarly compensated.

62.     Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Little Sheep Restaurants similarly suffered from Defendants' common practice that failed to pay the overtime premiums due under the FLSA and NYLL. Plaintiff, FLSA Collective Plaintiffs and Class Members were never paid at the proper overtime rate of one-and-one-half times their base hourly rate for their hours worked in excess of forty (40) per workweek.

63.     Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Little Sheep Restaurants similarly had their hours shaved from their

paystubs due to Defendants' policy of time-shaving. Defendants adjusted the time records of Plaintiff, FLSA Collective Plaintiffs and Class Members in order to avoid paying wages for their overtime hours worked. As a result, Plaintiff, FLSA Collective Plaintiffs and Class Members were similarly not paid the full amount of wages due under the FLSA and NYLL.

64.    Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Little Sheep Restaurants regularly worked days that exceeded ten (10) hours in length, but Defendants failed to pay them the proper spread of hours premium due under the NYLL.

65.    Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Little Sheep Restaurants similarly suffered from Defendants' common policy that failed to provide any wage notices as required under the NYLL.

66.    Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Little Sheep Restaurants similarly suffered from Defendants' common policy that failed to provide proper wage statements as required under the NYLL.

67.    Based on Plaintiff's direct observations and conversations with his co-workers, At all relevant times, Members of the Tipped Subclass were paid below the minimum wage at an invalid tip credit minimum wage rate. However, Defendants were not entitled to claim any tip credit allowances under the FLSA or NYLL, because they (i) failed to properly provide a tip credit notice to tipped employees; (ii) failed to inform tipped employees that the tip credit claimed cannot exceed the amount of tips actually received by them; (iii) failed to inform tipped employees that all tips received by them are to be kept by themselves except pursuant to a valid tip pooling arrangement; (iv) failed to inform tipped employees that a tip credit will not apply unless the tipped employees were informed of the foregoing tip credit notice requirement; and (v) claimed a tip

credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek.

68.    At all relevant times, the Tipped Subclass members did not receive a proper tip credit notice. Defendants failed to properly inform tipped employees that their tips would be used as a credit toward the minimum wage. In addition, tipped employees were required to perform non-tipped side work exceeding 20% of their work hours on all workweeks, such as putting away supplies, making sauces, helping out in the kitchen, and cleaning and maintaining the kitchen area and restaurant.

69.    Defendants failed to keep the proper employment records of Plaintiff, FLSA Collective Plaintiffs and Class Members, as required under the FLSA and NYLL.

70.    At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were never given access to records of their hours worked each workweek.

71.    Defendants knowingly and willfully operated their business with a practice of time-shaving and not paying Plaintiff, FLSA Collective Plaintiffs and Class Members the full amount of wages for all of their hours worked, in violation of the FLSA and NYLL.

72.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, in violation of the FLSA and NYLL.

73.    Defendants knowingly and willfully operated their business with a policy of not paying the proper minimum wage and overtime premium to Tipped Subclass members due to an invalid tip credit allowance, in violation of the FLSA and NYLL.

74.    Defendants knowingly and willfully operated their business with a policy of not

paying the spread of hours premium to Plaintiff and Class Members for their workdays that exceeded ten (10) hours, in violation of the NYLL.

75.    Defendants knowingly and willfully operated their business with a policy of (i) not providing any wage statements with wage payments, or (ii) providing wage statements that were fraudulent, to Plaintiff and Class Members, in violation of the NYLL.

76.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members, as required under the NYLL.

77.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

78.    Plaintiff realleges and incorporates Paragraphs 1 through 77 of this Class and Collective Action Complaint as if fully set forth herein.

79.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

80.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

81.    At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

82.     At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for all hours worked due to Defendants' policy of time-shaving.

83.     At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the FLSA.

84.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage and proper overtime rate to Tipped Subclass members for their hours worked, due to an invalid tip credit deduction. At all relevant times, Defendants were not entitled to claim any tip credits under the FLSA.

85.     Records, if any exist, containing the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

86.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

87.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA. Defendants failed to properly disclose or apprise Tipped Subclass members of their rights under the FLSA with respect to the tip credit taken.

88.     As a direct and proximate result of Defendants' willful disregard of the FLSA,

Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

89.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime wages, plus an equal amount in liquidated damages.

90.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

91.     Plaintiff realleges and incorporates Paragraphs 1 through 90 of this Class and Collective Action Complaint as if fully set forth herein.

92.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

93.     At all relevant times, Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them wages for all hours worked due to Defendants' policy and practice of time-shaving.

94.     At all relevant times, Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the New York Labor Law.

95.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the spread of hours premium for workdays exceeding ten (10) hours, as required under the New York Labor Law.

96.    Defendants knowingly and willfully violated Tipped Subclass members' rights by failing to pay them minimum wages and overtime wages in the lawful amount for all hours worked, due to an invalid tip credit deduction. Defendants were not entitled to claim any tip credits under the New York Labor Law.

97.    Defendants knowingly and willfully failed to provide proper wage notices to Plaintiff and Class Members at the beginning of employment and with each change in pay rate, as required under the New York Labor Law.

98.    Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law.

99.    Due to Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages due to time-shaving, unpaid overtime wages, unpaid spread of hours premium, unpaid minimum wage due to invalid tip credit deduction, statutory penalties, liquidated damages, and reasonable attorneys' fees and costs, pursuant to the New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid wages for hours worked due under the FLSA and NYLL;

d.     An award of unpaid overtime wages due under the FLSA and NYLL;

e.     An award of unpaid spread of hours premium due under the NYLL;

f.     An award of unpaid wages due to an invalid tip credit;

g.     An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

h.     An award of liquidated damages as a result of Defendants' willful failure to pay proper wages pursuant to the FLSA;

i.     An award of liquidated damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

j.     An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

k.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.     Designation of this action as a class action pursuant to F.R.C.P. 23;

m.     Designation of Plaintiff as Representative of the Class; and

n.     Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and the Class, demands trial by jury on all issues so triable as of right by jury.

Dated:   May 21, 2019                    Respectfully submitted,

                                  By:   */s/ C.K. Lee*

                                  LEE LITIGATION GROUP, PLLC
                                  C.K. Lee (CL 4086)
                                  Anne Seelig (AS 3976)
                                  148 West 24th Street, 8th Floor
                                  New York, NY 10011
                                  Tel.: (212) 465-1188
                                  Fax: (212) 465-1181

                                  *Attorneys for Plaintiff, FLSA Collective Plaintiffs
                                  and the Class*