UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GENARIO CUC CHOVON,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

      Plaintiffs,

– against –

HOT POT FLUSHING LLC
 d/b/a LITTLE SHEEP MONGOLIAN HOT POT
HOT POT MANGATTAN 1 LLC
 d/b/a LITTLE SHEEP MONGOLIAN HOT POT
JOHN DOE CORPORATIONS 1–23
 d/b/a LITTLE SHEEP MONGOLIAN HOT POT
And MICHAEL PUI LEUNG LUK,

      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

19-CV-3000 (ERK) (VMS)

KORMAN, *J.*:

On May 21, 2019, Genario Cuc Chovon filed a complaint on behalf of himself and all other similarly situated employees alleging claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law §190, et. seq ("NYLL") against Defendants and John Doe Corporations 1–23. In February 2020, Defendants served Chovon with an Offer of Judgment pursuant to Fed. R. Civ. P. 68 (the "Offer of Judgment"). Pursuant to the offer, Defendants offered, "to allow judgment to be taken against them, jointly and severally, in the sum of Fifty Thousand Dollars ($50,000.00), inclusive of all of Plaintiff Chovon's claims for relief, damages, fees, costs, and expenses, but exclusive of Plaintiff Chovon's claim for reasonable attorneys' fees as of the date of this Offer of Judgment." ECF No. 27, Ex. A.

On March 10, 2020, Chovon served Defendants with a motion to conditionally certify a collective action of certain FLSA claims pursuant to 29 U.S.C. § 216(b) and to certify a class action of certain NYLL claims pursuant to Fed. R. Civ. P. 23. The next day, March 11, Chovon accepted

the Offer of Judgment. That same day, Chovon filed a Consent to Sue form on behalf of Valentin Castro Hernandez ("Hernandez"). On March 12, 2020, Defendants filed a Notice of Acceptance of the Offer of Judgment. Defendants' counsel wired $50,000 to Plaintiff's counsel's trust account, to be held in escrow pending the entry of the judgment.

On March 13, 2020, Chovon's counsel filed a letter seeking "to clarify that although [Chovon] ha[d] accepted Defendants' offer of judgment, the case should not be dismissed, as the claims of opt-in plaintiff [Hernandez] and other prospective class and collective-action plaintiffs remain unresolved, and Plaintiffs' motion for class and collective-action certification" remained outstanding. ECF No. 29 at 1. Counsel's letter concluded by requesting "that the judgment be entered as to Chovon only, and that the case not be dismissed pending the determination of the remaining claims." *Id*. at 2. Defendants responded that they had no objection to the clerk entering judgment as to Chovon's claims, and further stated their intention to move to dismiss the action. *See* ECF Nos. 30, 35. Before the court is Defendants' motion to dismiss under Rule 12(b)(1).

## DISCUSSION

The Second Circuit has observed that "[b]ecause FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims as a collective action and under Rule 23 to pursue the NYLL claims as a class action under the district court's supplemental jurisdiction." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011). Moreover, named plaintiffs often accept settlement of their individual claims under Rule 68 while their associated FLSA collective action and Rule 23 class-action have

2

yet to be certified. The issue in this case whether those actions can continue, now that the sole named plaintiff has obtained complete relief on his individual claims.

I. **Subject-Matter Jurisdiction and Rule 68**

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). A "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under Article III, section 2, of the United States Constitution, our "power to adjudicate" is limited to "cases" and "controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A corollary to the case or controversy requirement is that where there is no unresolved case or controversy, "mootness occurs" and "the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed." *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507, 511 (2d Cir. 2017).

Thus, mootness may occur, and jurisdiction may be extinguished, where a plaintiff accepts an offer for complete relief. Federal Rule of Civil Procedure 68(a) provides that at least fourteen days before trial, a "party defending against a claim may serve on the opposing party an offer to allow judgment on specified terms, with costs then accrued. If, within [fourteen] days after being served, the opposing party serves written notice accepting the offer, either party may then file the

offer and notice of acceptance . . . The clerk must then enter judgment." Fed. R. Civ. P. 68(b). This Rule serves "to encourage settlement and avoid litigation." *Marek v. Chesny,* 473 U.S. 1, 5 (1985).

## II.     Chovon's FLSA Collective Action

Against the backdrop of this court's adjudicative power, the first question is whether Chovon's acceptance of Defendants' Rule 68 offer of judgment mooted the conditional collective FLSA action in addition to his own personal claims for relief. In *Bank v. Alliance Health Networks*, the Second Circuit held that where the sole individual representative for a putative collective action under the FLSA no longer had an interest in the action, no plaintiff remained in a position to pursue the class claims." 669 F. App'x 584, 586 (2d Cir. 2016). On that basis, the panel in *Bank* affirmed the district court's dismissal of Bank's claim for lack of subject matter jurisdiction. *Id*. The panel reasoned that because "standing requires that a plaintiff allege a concrete injury that creates a legally-protected interest in pursuing the litigation, "[a] purely hypothetical possibility of recovery is not sufficient to meet the requirements for standing." *Id*. (citing *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548 (2016)). While *Bank* was an unpublished summary order, the Second Circuit has held that "denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases." *United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010). Indeed, in *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, the court distinguished *Bank* on the facts, and did not reject it on the grounds that it was an unpublished opinion. 850 F.3d 507, 513 (2d Cir. 2017).

Chovon has not provided any reason to depart from the Circuit's reasoning in *Bank*. As in *Bank*, Chovon's counsel negotiated acceptance of Defendant's Offer of Judgment. Thus, there is no concern, as there was in *Geissman*, that an entry of judgment mooting the collective action short-circuits the certification process and grants Defendants an undue windfall. *See Geissman*,

4

850 F.3d at 514–15. While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and "other employees similarly situated," 29 U.S.C. § 216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied. Here, there is no dispute that Defendants' Offer of Judgment fully satisfied the named plaintiff's claims for relief under the FLSA and the NYLL. These individual claims were satisfied prior to any resolution of Chovon's motion for conditional collective action certification, rendering the entire action moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013).

Chovon's efforts to sidestep *Bank* are unavailing. First, Chovon relies on cases that pertain to unaccepted offers of judgment, putative class actions under Rule 23, or both. These cases are simply unresponsive to *Bank*'s straightforward rule that where a sole named plaintiff obtains complete relief through accepting an offer of judgment, the associated FLSA collective action is moot. Second, Chovon's insistence that offers and acceptances under Rule 68 are creatures of contract is beside the point. In conveying Chovon's acceptance of the Offer of Judgment in an email to Defendants, Chovon's counsel wrote that "[n]otwithstanding this acceptance, this case should not be dismissed given the outstanding class and collective motions (and claims) that remain to be adjudicated." ECF No. 27-2. This comment did not constitute a condition to Chovon's acceptance of Defendants' offer. Indeed, it was merely Chovon's counsel's opinion, which was, on its face, separate and apart from Chovon's own "acceptance." *Id*.

Finally, Hernandez's opt-in notice cannot save the collective and class actions from mootness. In general, courts are divided on the question of whether opt-in plaintiffs can continue prosecuting a FLSA action under § 216 after the named plaintiff has accepted full relief of his personal claims. *Compare Aleman v. Innovative Elec. Servs. L.L.C.*, 2014 WL 4742726, at *3 (S.D.N.Y. Sept. 15, 2014) ("Where, as here, no collective class action has been certified, dismissal

5

will not prejudice any opt-in plaintiffs: they remain free to file their own actions for overtime compensation against defendants"); *with Myers v. TRG Customer Sols., Inc.*, 2017 WL 5478398, at *7 (M.D. Tenn. Nov. 15, 2017) ("[O]pt-in employees are party plaintiffs, unlike absent class members in a Rule 23 class action."). I need not decide on this dispute, however, for the simple reason that, as Chovon concedes, Hernandez was never an employee of either named defendant in this matter. Taking Chovon's allegations at face value, the most that can be said is that Hernandez previously worked at Jane Doe Corporation 23, which has not been served as a defendant. Plaintiff submits that "[w]hile it is true that the John Doe corporations have not yet been served . . . Hernandez would have standing to be added as a plaintiff in an amended complaint." Pl.'s Reply, ECF No. 44-1 at 18. That may be true, but Chovon has not moved for leave to file an amended complaint. On these facts, there is no plaintiff with a live claim against a named defendant. Accordingly, this action is dismissed without prejudice to Hernandez—or any other viable plaintiff—re-filing a new action to vindicate their own claims. *See Aleman*, 2014 WL 4742726, at *3.

### III.   Supplemental Jurisdiction Over Chovon's NYLL Claims

Having determined that Chovon's acceptance of Defendants' offer extinguished his interest in the conditional collective action, I need not address the related question of whether Plaintiff's putative class action under NYLL is also moot. Indeed, the Second Circuit has established that unlike dismissals under Rule 12(b)(6), dismissals for lack of subject-matter jurisdiction under Rule 12(b)(1) leave no discretion to exercise supplemental jurisdiction over related state-law claims. *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Accordingly, Plaintiff's NYLL claims are

6

dismissed without prejudice to other potential members of the putative class seeking appropriate recompense in separate proceedings.

## CONCLUSION

Chovon's acceptance of Defendants' Offer of Judgment constituted complete relief on Chovon's individual claims, and the clerk of the court shall enter judgment to that effect. There being no live case or controversy for this court to resolve, Defendants' motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. 12(b)(1) is granted, without prejudice to other members of the putative collective and class actions.

                                                                                                            **SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York                                                           Edward R. Korman
June 8, 2020                                                                United States District Judge